IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| EUGENE LAMAR PENDLETON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 2:19cv778-MHT |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

### I.   INTRODUCTION

On October 11, 2019, Eugene Lamar Pendleton, proceeding *pro se*, filed a petition with this court using the form for a petition for writ of habeas corpus under 28 U.S.C. § 2254.  Doc. No. 1.  In the petition, Pendleton challenges his federal conviction for firearm possession, arguing that law enforcement's search of his residence was not supported by probable cause and that there was no evidence he was in possession of the firearm that was the basis of his conviction.[1]  For the reasons that follow, the undersigned finds that Pendleton's petition constitutes a successive § 2255 motion filed without the required

---

[1] This court's records in Criminal Case No. 2:09cr27-MHT reflect that in August 2009, a jury found Pendleton guilty of possession of firearms in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i); possession of firearms by a convicted felon, in violation of 18 U.S.C. § 922(g)(1); and possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1).  On July 16, 2010, the district court sentenced Pendleton to 160 months in prison.  Pendleton appealed, and on December 2, 2011, the Eleventh Circuit Court of Appeals issued an opinion affirming Pendleton's convictions and sentence.  *United States v. Pendleton*, 447 F. App'x 978 (11th Cir. 2011).

appellate court authorization. Absent that authorization, this court lacks jurisdiction to consider the merits of Pendleton's § 2255 motion.

## II.  DISCUSSION

Pendleton's petition attacks the fundamental legality of his conviction. He therefore seeks relief that is appropriate only under 28 U.S.C. § 2255. *See Gonzalez v. Crosby*, 545 U.S. 524 (2005); *McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1081 (11th Cir. 2017). "Federal courts have long recognized that they have an obligation to look behind the label of a motion filed by a *pro se* inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework." *United States v. Jordan,* 915 F.2d 622, 624–25 (11th Cir. 1990). As indicated, Pendleton filed his pleading using the form for a petition for writ of habeas corpus under 28 U.S.C. § 2254.[2] However, regardless of the label Pendleton attached to his pleading, this court finds his pleading is of the same legal effect as, and should be construed as, a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.[3]

---

[2] Section 2254 provides a vehicle for state prisoners to challenge their custody pursuant to the judgment of a state court. *See, e.g., Thomas v. Crosby*, 371 F.3d 782, 787 (11th Cir. 2004). Pendleton is challenging a federal conviction.

[3] In *Castro v. United States*, 540 U.S. 375, 382 (2003), the Supreme Court held that a district court may not recharacterize a *pro se* litigant's filing as a first § 2255 motion without "notify[ing] the pro se litigant that it intends to recharacterize the pleading, warn[ing] the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions, and provid[ing] the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has." *Id*. at 383. *Castro* was intended to give a *pro se* litigant warning of the heightened bar that attaches after a first § 2255 motion is filed. Because only a first § 2255 motion has procedural implications, however, *Castro* does not apply where a defendant has already filed an initial motion for relief under § 2255. *See, e.g., United States v. Harris,* 546 F. App'x 898, 900 (11th Cir. 2013); *United States v. Davis*, 140

This is not Pendleton's first § 2255 motion challenging his conviction for firearm possession obtained in Criminal Case No. 2:09cr27-MHT. In November 2012, Pendleton filed a § 2255 motion attacking his convictions, all obtained in the same August 2009 jury trial, for possession of firearms in furtherance of a drug trafficking crime, possession of firearms by a convicted felon, and possession with intent to distribute marijuana. *See* Civil Action No. 2:12cv1058-MHT. On March 25, 2015, this court denied that § 2255 motion with prejudice, deciding all claims adversely to Pendleton. *Id.*, Doc. Nos. 54 & 55 (Opinion and Final Judgment of District Court Adopting Magistrate Judge's Recommendation [Doc. No. 50]).

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that, to file a second or successive § 2255 motion in the district court, the movant must first move in the appropriate court of appeals for an order authorizing the district court to consider the motion. *See* 28 U.S.C. § 2244(b)(3)(A). The appellate court, in turn, must certify that the second or successive § 2255 motion contains "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *See* 28 U.S.C. § 2255(h).

---

F. App'x 189, 190 n.1 (11th Cir. 2005). Because, as discussed in this Recommendation, Pendleton's instant pleading constitutes his second § 2255 motion, *Castro* does not require that this court give Pendleton notice before characterizing his "§ 2254 petition" as a second or successive § 2255 motion.

"The bar on second or successive motions is jurisdictional." *In re Morgan*, 717 F.3d 1186, 1193 (11th Cir. 2013). A federal district court lacks jurisdiction to consider a successive § 2255 motion where the movant fails to obtain the requisite permission from the appellate court to file a successive motion. *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003). Pendleton presents no evidence of his having obtained authorization from the Eleventh Circuit Court of Appeals to file a successive § 2255 motion. Because Pendleton has not obtained the required authorization from the appellate court, this court lacks jurisdiction to consider the merits of his present § 2255 motion and the motion is due to be dismissed for lack of jurisdiction. *See, e.g., Farris*, 333 F.3d at 1216; *Boone v. Secretary, Dept. of Corrections*, 377 F.3d 1315, 1317 (11th Cir. 2004).

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the § 2255 motion (Doc. No. 1) be DISMISSED for lack of jurisdiction because Pendleton has not obtained the requisite order from the Eleventh Circuit Court of Appeals authorizing this court to consider his successive § 2255 motion. It is further

ORDERED that the parties shall file any objections to this Recommendation on or before **December 20, 2019**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of

the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 6th day of December, 2019.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
CHIEF UNITED STATES MAGISTRATE JUDGE